IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Claude McAlhaney, | ) | C/A No. 5:13-2505-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Bamberg County Detention Center; Joe Glover, *Bamberg County Detention Center Administrator*; John Doe, *Detention Officer at Bamberg County Detention Center*, | ) ) ) ) ) | |
| Defendants. | ) ) | |

The plaintiff, Claude McAlhaney ("McAlhaney"), who is represented by an attorney, filed this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on a motion to dismiss filed by Defendants Bamberg County Detention Center and Joe Glover. (ECF No. 6.) McAlhaney filed a response in opposition (ECF No. 10), and the defendants replied (ECF No. 11.) Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motion should be granted.

## BACKGROUND

McAlhaney alleges that his Fourteenth Amendment rights were violated during the time he was a pretrial detainee at the Bamberg County Detention Center in that the defendants were deliberately indifferent to his medical needs. McAlhaney seeks monetary damages.

## DISCUSSION

**A.     Motion to Dismiss Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**B.     Defendants' Motion to Dismiss**

In his response in opposition to the defendants' motion to dismiss, McAlhaney concedes that "Defendant Glover's alleged constitutional violation . . . was based upon vicarious liability and, accordingly, should be dismissed." (ECF No. 10 at 1.) Accordingly, any claims against this defendant should be dismissed.

Additionally, McAlhaney concedes that the Bamberg County Detention Center is not an entity capable of being sued, and seeks leave to substitute the County of Bamberg as the proper party. (Id. at 2.) The defendants argue, however, that such a substitution would be futile. Municipal liability is based on execution of a governmental policy or custom. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). A municipality may not be held liable under § 1983 solely because

Page 2 of 5



it employs the tortfeasor; rather, a plaintiff must identify a municipal policy or custom that caused the plaintiff's injury. Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397 (1997); Kirby v. City of Elizabeth City, North Carolina, 388 F.3d 440, 451 (4th Cir. 2004). In this action, McAlhaney fails to identify a policy or custom of the County of Bamberg which caused his federal rights to be violated. Rather, his pleadings appear to attempt to hold the County liable on a *respondeat superior* basis for the actions of Glover and a John Doe detention officer, neither of whom is a final policymaker under state law. See City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988) (discussing four guiding principles to determine whether governmental liability can be imposed under § 1983). It is well settled that such *respondeat superior* liability cannot lie against a local government. Monell, 436 U.S. at 692. Accordingly, substituting the County of Bamberg for the detention center would be futile, as any municipal liability claims raised against the County of Bamberg are subject to dismissal.

It appears that the remaining defendant—John Doe, Detention Officer at Bamberg County Detention Center—has never been served with process. Although the plaintiff argues in his response in opposition that the identity of this defendant may be able to be ascertained through discovery, it does not appear that the plaintiff has made any effort to obtain this information despite the considerable amount of lapsed time. Nor has the plaintiff timely moved for an extension of time in which to serve this defendant. See Fed. R. Civ. P. 4(m) (stating that a defendant must be served with the complaint within 120 days). Accordingly, the court recommends that Defendant John Doe be dismissed from this action without prejudice.

**RECOMMENDATION**

For the reasons stated, the court recommends that the defendants' motion to dismiss be granted. (ECF No. 6.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 29, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).