**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

| | | |
|---|---|---|
| Claude McAlhaney, | ) | |
| | ) | Civil Action No. 5:13-cv-02505-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Bamberg County Detention Center; Joe | ) | |
| Glover, *Bamberg County Detention Center* | ) | |
| *Administrator*; John Doe, Detention *Officer* | ) | |
| at *Bamberg County Detention Center*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Claude McAlhaney ("Plaintiff") brought this action seeking relief pursuant to Title 42 U.S.C. § 1983. This matter is before the court for review of the magistrate judge's Report and Recommendation ("Report") (ECF No. 14), filed on May 29, 2014, recommending that Defendant Bamberg County Detention Center's and Defendant Joe Glover's ("Defendants") Motion to Dismiss be granted. (EFC No. 6.) The Report sets forth in detail the relevant facts and legal standards on this matter which the court incorporates herein without a recitation.

The magistrate judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) for the District of South Carolina. "The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. §

636(b)(1).

In his response in opposition to Defendants' Motions to Dismiss, Plaintiff conceded that Defendant Bamberg County Detention Center is an entity incapable of being sued and claims against Defendant Glover should be dismissed since these claims were based on alleged vicarious liability. (ECF No. 10; ECF No. 14 at 2.) Additionally, Plaintiff did not identify a policy or custom of the County of Bamberg that would support municipal liability. (ECF No. 14 at 3.) Furthermore, Defendant John Doe, Detention Officer at Bamberg County Detention Center, has never been served with process nor has Plaintiff timely moved for an extension of time in which to serve this Defendant. (ECF No. 14 at 3.) Finally, Plaintiff has not presented any evidence that he made any effort to obtain the identity of Defendant John Doe. (ECF No. 14 at 3.)

Plaintiff was advised of his right to file objections to the Report and Recommendation. (ECF No. 14 at 5.) However, Plaintiff filed no objections to the Report and Recommendation.

In the absence of objections to the magistrate judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Therefore, after a thorough and careful review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and thus the court **ACCEPTS** the Report and Recommendation.  As Plaintiff has failed to prosecute this case, the case is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41 of the Federal Rules of Civil Procedure.  For the reasons articulated by the magistrate judge, it is therefore **ORDERED** that Defendants' Motion to Dismiss are **GRANTED**.

**IT IS SO ORDERED.**

_J. Michelle Childs_

United States District Court Judge

July 7, 2014
Columbia, South Carolina